ROBERTS *et al. vs.* THE STATE OF GEORGIA.

1. The verdict is sustained by evidence and law.
2. A ground of motion for new trial, alleging as error that the court ruled out a statement of the defendant or defendants, but not reciting what the statement was, when it was made, or who testified to it, is too vague and uncertain to be considered.

May 14, 1888.

New trial. Practice in the Supreme Court. Before Judge MADDOX. Polk superior court. August term, 1887.

Dave Roberts and Marion Dave were jointly indicted for hog-stealing, were tried together, and both found guilty, Marion Dave being recommended to mercy. The case made by the State was, in brief, this:

The prosecutor, William Wilson, owned a black and white spotted sow, which was just about to have pigs. On the day after he last saw her alive, he was notified by a neighbor that some of the remains of a sow were on a tract of land near the back of his farm. He went to the spot and found entrails, small bits of flesh and a number of young pigs taken from their mother before birth. They seemed to be parts of a sow freshly killed, and to correspond in size, etc. with prosecutor's sow. On the same day

he swore out a search warrant and put it in the hands of an officer.   At the house of one Amos Young was found a ham or shoulder skinned like a beef and with some of the hair left on it.   This was found in a box, and the hair and size of the meat corresponded with the hair, etc. of prosecutor's sow.   Young's wife said that the balance of the meat was at Dave Roberts'.   Search was then made at the house of Dave Roberts.   He was just moving, but was arrested, and when his goods reached his new home, they were searched; in a box was found a ham or shoulder, or rather quarter, similar as to size, manner of skinning and manner of unjointing or cutting up to the meat found at Young's.   On the way to his new home, Roberts ran off, and was arrested some time afterward in Cobb county. Search was then made at the house of Marion Dave, and here were found a ham and shoulder, or rather two quarters of a hog, skinned and cut up or unjointed like the meat, and corresponding to it in size.   He had other other meat hanging up, but this meat was in a box covered up with wheat-bran.   All the meat seemed to have been cut up in a way different from that usually employed as to hogs, as if a hog had been simply quartered and unjointed with a knife—no "middling" being separated.   Marion Dave said he bought the meat from Dave Roberts.   The search detailed took place the day after the warrant was sworn out.   Prosecutor was notified that the meat had been found, and went and got it without objection being raised. —There was testimony of an accomplice, introduced by the State.

For the defence two witnesses testified as to Marion Dave's good character.   A third witness was introduced, who swore that Brock had given to witness and Dave Roberts written authority to kill wild hogs on shares ; that witness had killed one and divided it with Brock, and did not have Brock at court when witness was tried for killing that hog, but was in court at the present trial and when witness was testifying ; and that witness had lost the writing, or it had been taken from him.

*After* verdict, the defendants moved for a new trial, which was refused, and they excepted.

JANES & RICHARDSON, for plaintiffs in error.

C. T. CLEMENTS, solicitor-general, for the State.

SIMMONS, Justice.

1. The facts of this case will be found in the official report. The court did right in overruling the motion for a new trial upon the 1st, 2d and 3d grounds thereof. The verdict is sustained by the evidence; it is not against the weight of evidence; nor is it contrary to law, as alleged in these three grounds.

2. The 4th ground is, " Because the court ruled out the statement of Marion Dave or of defendants to the officers in searching his house, at the time his house was searched and the meat charged to have been stolen found, as to where said defendant got such meat." We do not understand what this ground means. It does not recite what the statement referred to was, nor when it was made, nor what witness testified to it, whether a witness for the State or for the defendant. It is so vague and uncertain that it is impossible for us to consider it, and we decline to do so.

Judgment affirmed.