## 31988. BIRT v. THE STATE.

NICHOLS, Chief Justice.

Clarence Birt was convicted of murdering Willie Jordan and was sentenced to life imprisonment. His sole enumeration of error is that the trial court erred in overruling his motion for new trial, which asserted only the general grounds. He makes several additional arguments in his brief, however, the chief among them being that the evidence introduced at trial would have been insufficient to sustain a conviction but for the wrongful admission of certain inculpatory statements which were allegedly extracted from him in violation of his Miranda rights. Although none of these additional arguments is enumerated as error as required for review on appeal (*Rider v. State,* 226 Ga. 14 (2) (172 SE2d 318) (1970)), they will nevertheless be treated.

The evidence amply supports the verdict. It was established independently of police interrogation that the defendant argued with Jordan over a girlfriend, that he loaded his rifle and threatened to kill Jordan, that he followed Jordan when the latter drove away, and that he later admitted to the girlfriend that he had shot Jordan. Furthermore, the defendant led investigating officers to the body following his arrest. Any error committed by admitting the confession would accordingly have been harmless. However, since his confession was shown to have followed a reading of the Miranda warnings and was expressly stipulated into evidence by defense counsel, no

error was committed.

Defendant also contends that a rifle was wrongfully obtained from him prior to his being given the Miranda warnings. The Miranda warnings apply only to testimony or communicative evidence and not to physical evidence. See Miranda v. Arizona, 384 U. S. 436 (1966). In any event, the rifle was not offered as evidence; therefore, no error could have resulted.

Defendant further contends that the trial court's failure to charge on the lesser included offense of voluntary manslaughter requires reversal. This contention is without merit. In the first place, no request for such a charge was made at trial. *State v. Stonaker,* 236 Ga. 1 (222 SE2d 354) (1976). Secondly, a charge on voluntary manslaughter was neither demanded nor authorized by the evidence. See *Wheeler v. State,* 229 Ga. 617 (193 SE2d 814) (1972).

Finally, defendant contends that the trial judge erroneously conveyed to the jury the impression that the indictment was evidence. The trial judge specifically charged the jury that the indictment was not to be considered as evidence. Accordingly, this contention also is without merit.

*Judgment affirmed. All the Justices concur.*

SUBMITTED FEBRUARY 4, 1977 — DECIDED FEBRUARY 22, 1977.

*Charles Z. Donaldson,* for appellant.

*H. R. Thompson, District Attorney, Charles W. Cook, Assistant District Attorney, Arthur K. Bolton, Attorney General, Kirby G. Atkinson, Assistant Attorney General,* for appellee.