## 53523. ROWLAND v. THE STATE.

SUBMITTED MARCH 2, 1977 — DECIDED MARCH 18, 1977.

*Williams & Starling, Lee R. Williams,* for appellant.
*Dewey Hayes, District Attorney,* for appellee.

DEEN, Presiding Judge.

The appellant's alleged accomplice testified for the prosecution. His story was that he and the appellant had been together on the day of the burglary. They left together that night and went to the Livestock Marketers, Inc., the scene of the burglary. They gained entry into the establishment and took some checks and "some hams and some bacon and weiners." The accomplice was undone when he tried to cash one of the stolen checks; when arrested by the authorities, his story led to the arrest of the appellant.

Another witness corroborated the accomplice's testimony that he and the appellant were together on the day of the burglary, that they left together that night and

that the accomplice returned with ham, bacon and weiners all wrapped and bearing the brand name "Elm Hill."

A police officer testified that he investigated the scene of the burglary and saw meats with the "Elm Hill" label in the cooler. He testified that the accomplice was arrested when he tried to cash one of the checks taken from the market and that the accomplice implicated the appellant in the burglary. The police officer further testified that when he went to the appellant's home he saw a one-pound package of Elm Hill brand bacon in the refrigerator. The appellant was thereupon arrested.

The manager of the burgled market testified that he discovered hams, bacon and weiners of the Elm Hill brand were missing from his cooler. He further testified that this particular brand of meat came from Tennessee and was not available anywhere in the community other than his market. It was his testimony that the bacon found in the appellant's refrigerator answered the description of that which was stolen though he could not be positive that it was in fact part of the purloined pork.

The appellant took the stand in his own defense. It was his story that he and the accomplice were not together on the day in question, that that evening the accomplice drove up in his (the appellant's) car, that the accomplice said he had some meats and asked if he could store them in the appellant's freezer, that he didn't know the meat was stolen, and that the Elm Hill bacon found in his refrigerator was from the assortment brought to him for storage by the accomplice.

While testimony of an accomplice is not sufficient in itself to convict another, where the evidence of the accomplice is supported by other evidence that the defendant was in possession of stolen goods after a burglary, there is sufficient corroboration. *Lord v. State,* 134 Ga. App. 683 (215 SE2d 493). The problem here is however that there was no independent positive evidence that the bacon found in the appellant's refrigerator was stolen from the market. There was enough independent testimony as to the uniqueness of this bacon, in brand and availability, to identify it with reasonable certainty as having been stolen from the Livestock Marketers, Inc.

*Roberts v. State,* 80 Ga. 772 (6 SE 587); compare, *Johnson v. State,* 92 Ga. 577, 578 (4) (20 SE 8). This case therefore comes within the well-established rule that independent testimony placing the defendant in possession of stolen goods shortly after a burglary is sufficient to corroborate an accomplice's testimony and the evidence authorizes the conviction. *Sutton v. State,* 117 Ga. App. 861 (162 SE2d 445). There is sufficient evidence to support the jury's verdict that the appellant is guilty of "bringing home the bacon."

*Judgment affirmed. Webb and Marshall, JJ., concur.*