## 55531. RAMEY v. THE STATE.

BIRDSONG, Judge.

Appellant Ramey was convicted of the offenses of burglary and arson. He was sentenced to serve five years on each, the sentences to be consecutive. He appeals that judgment, enumerating two alleged errors. *Held:*

1. In his first enumeration, appellant asserts that the evidence is insufficient to sustain the convictions. The evidence shows that the victim of the crimes heard several persons talking late at night outside the home that was burned. One of these persons had a "Molotov cocktail" and was seen to throw a flaming bomb through a window into the house. The house was totally destroyed by the resulting fire. Subsequent to the fire, certain books which had been in the home prior to the fire were recovered. A confession was obtained from Ramey in which he admitted that he and others had entered the home, removed certain books and then set fire to the home with gasoline that they had purchased, apparently for that purpose. The books were sold to another for the sum of $10. The evidence supports the convictions of burglary and arson.

2. In his second enumeration of error, Ramey complains that the trial court erred in admitting his confession; only if this enumeration has merit does the first assume substance. The record reflects that a Jackson-Denno hearing was conducted. At this hearing the only dispute concerned whether Ramey was promised he could make bond if he cooperated by giving a statement. The interrogating officer admitted that Ramey was told he could make bond, but denied that this promise had anything to do with whether or not Ramey gave a confession. In effect the officer testified that there was no reason for Ramey not be able to obtain bond. This created at best a dispute of fact.

Factual and credibility determinations pertaining to voluntariness made by a trial judge after a suppression hearing must be accepted by appellate courts unless such determinations are clearly erroneous. *Johnson v. State,* 233 Ga. 58 (209 SE2d 629); *Gamarra v. State,* 142 Ga. App. 196, 197 (235 SE2d 652). Moreover, the factual dispute was

submitted to the jury under appropriate instructions and the jury likewise apparently found the statement to be voluntary. These determinations are not "clearly erroneous"; therefore, they will not be disturbed. *Phillips v. State,* 238 Ga. 497, 498 (233 SE2d 758).

*Judgment affirmed. Bell, C. J., and Shulman, J., concur.*

Submitted February 28, 1978 — Decided April 28, 1978.

*William Jerry Westbrook,* for appellant.

*William M. Campbell, District Attorney, James A. Meaney, III, Assistant District Attorney,* for appellee.