## 58008. JESTER v. THE STATE.

SHULMAN, Judge.

Defendant was convicted of the offense of burglary. We affirm.

Appellant's sole enumeration of error relates to the sufficiency of the evidence. Specifically, appellant argues that his conviction was based on the uncorroborated testimony of an accomplice. We cannot agree.

"There was ample evidence in the case sub judice to prove every element of the corpus delicti of the crime. An alleged co-conspirator, a witness for the State, testified in great detail as to the defendant's actions in carrying out the burglary. This testimony was corroborated by another witness who testified as to the defendant's possession of certain items which were taken from the burglarized

premises." *Sutton v. State,* 117 Ga. App. 861 (162 SE2d 445).

"While testimony of an accomplice is not sufficient in itself to convict another, where the evidence of the accomplice is supported by other evidence that the defendant was in possession of the stolen goods after a burglary, there is sufficient corroboration. [Cit.]" *Rowland v. State,* 141 Ga. App. 643, 644 (234 SE2d 183).

Although the corroborating witness could not pinpoint the exact day he had observed defendant in possession of the stolen goods, it was clear from his testimony (and the testimony of other witnesses) that it was within, at most, a week from the time of the burglary. Therefore, since the witness' testimony placing the defendant in possession of the stolen goods shortly after the burglary was sufficient to corroborate the accomplice's testimony, defendant's conviction was justified. *Rowland,* supra.

*Judgment affirmed. Deen, C. J., and Carley, J., concur.*

SUBMITTED MAY 30, 1979 — DECIDED SEPTEMBER 10, 1979.

*Arch W. McGarity,* for appellant.

*E. Byron Smith, District Attorney, W. Hal Craig, Assistant District Attorney,* for appellee.