## 62420. CARTER v. THE STATE.

SHULMAN, Presiding Judge.

A jury found appellant guilty of burglary and he was sentenced to serve ten years. He now appeals, arguing that the evidence was insufficient and maintaining that the confession used against him was not made voluntarily.

1. At the Jackson-Denno hearing, the trial court determined that the defendant's confession had been voluntarily made. Where the evidence presented by the state and the defendant is conflicting, the factual determinations of the trial court must be accepted by the appellate court unless the findings are shown to be clearly erroneous. *Ramey v. State,* 145 Ga. App. 812 (245 SE2d 45). Appellant has made no such showing. Furthermore, appellant's argument that his confession was induced by hope of a benefit or reward is not supported by the evidence which shows that it was not until after he had made his statement that he asked and the police officer agreed to inform the trial judge of appellant's cooperation.

2. Appellant maintains that, without his confession, there is not sufficient evidence against him to warrant a conviction. "A confession alone, uncorroborated by any other evidence, shall not justify a conviction." Code Ann. § 38-420. However, at trial appellant admitted both his presence at the scene of the crime and that he had cut his hand on a broken windowpane there. There was also testimony that broken bloodstained glass was found within the burglarized home. All that evidence was sufficient to corroborate the defendant's confession. *Gray v. State,* 135 Ga. App. 253 (217 SE2d 482). Appellant's enumeration is without merit.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

DECIDED NOVEMBER 5, 1981.

*James P. Brown, Jr.,* for appellant.
*E. Byron Smith, District Attorney, W. Hal Craig, Assistant District Attorney,* for appellee.