63209. DICKERSON v. THE STATE.

DEEN, Presiding Judge.

Bobby Dickerson was convicted of burglary, sentenced to serve ten years in confinement and appeals following the denial of his motion for a new trial.

1. The testimony of an accomplice was sufficiently corroborated by the testimony of appellant's father and his wife who testified that the sale of one of the stolen rifles took place in his home and in his presence.

Slight evidence which tends to connect the defendant with the crime or lead to an inference that he is guilty is sufficient to corroborate the testimony of an accomplice. *Felix v. State,* 143 Ga. App. 376 (238 SE2d 734) (1977); *Lindsey v. State,* 227 Ga. 48 (178 SE2d 848) (1970). In a prosecution for burglary, testimony of a witness placing the accused in possession of stolen goods shortly after the burglary is sufficient to corroborate the testimony of an accomplice. *Jester v. State,* 151 Ga. App. 277 (259 SE2d 680) (1979). The sufficiency of the corroboration of the accomplice is for the jury. *Felix v. State,* supra.

2. There is no merit to appellant's contention that the trial judge materially prejudiced the rights of appellant by failing to advise him of the effect of his waiver of his right to counsel. The record shows that he was represented by the public defender at arraignment and that when the case was called for trial he announced that he intended to defend himself because he was not guilty, had investigated the case and knew more of what went on in the case than anyone else, and "I have Mr. Lanier to stand by me because I don't know nothing about the law." The court was somewhat surprised by

the defendant's decision to try his own case and stated: "I'll let you go ahead and try to represent yourself, but most of the time when they try it they give out pretty quick. So let me know if you can't do it and I'll ask Mr. — , I'm going to ask Mr. Lanier to sit with you anyhow." Appellant responded, "I appreciate that, your honor." The court then asked to "[l]et the record show that the defendant has stated in open court he desires to represent himself, and I have asked Mr. Lanier to sit in with him, which he has agreed to do." Unlike the situation in *Smith v. State,* 150 Ga. App. 498 (258 SE2d 167) (1979), no limitations were placed on the participation of advisory counsel as to his participation in the trial. In that case, despite the limitations, this court found that such limitations did not constitute error. Here, counsel participated actively in the trial of the case and examined witnesses. In *Clarke v. Zant,* 247 Ga. 194 (275 SE2d 49) (1981), the Supreme Court held that the record must show that the defendant has validly chosen to proceed pro se and should show that this choice was made after the defendant was made aware of his right to counsel and the dangers of proceeding without counsel. See also *Campbell v. State,* 128 Ga. App. 74 (195 SE2d 664) (1973). In the instant case, the defendant was obviously aware of his right to counsel as indicated by his wish to have counsel serve in an advisory role. The dangers foreseen by the above-cited cases could not occur as counsel was available for consultation and did not occur because the public defender actively participated in the defense of this case.

3. Appellant's argument that he was denied effective assistance of counsel because the public defender was appointed just before trial began is likewise without merit. The indictment shows that the public defender was appointed sometime prior to arraignment some nine days prior to trial. Counsel certainly had adequate time to prepare for trial. As there is no further allegation of inadequate representation by counsel, we find this enumeration to be totally without merit.

4. The state was not required to present evidence of appellant's sanity. Overcoming the presumption of sanity rests with the appellant. *Durham v. State,* 239 Ga. 697 (238 SE2d 334) (1977). The record shows that an insanity defense was not raised in the court below.

5. The trial court did not err in charging the jury that whether the juvenile Newkirk was an accomplice was a matter for their determination. It would be an expression of opinion as to a defendant's guilt if the court instructed the jury that a witness who testified as to the defendant's guilt and admitted his participation in the crime would be an accomplice because one cannot be the accomplice of an innocent person. *Millwood v. State,* 102 Ga. App.

180 (115 SE2d 829) (1960).

6. As to the general grounds, we have examined the record and find that a rational trier of fact could have found from the evidence presented at trial that the appellant was guilty beyond a reasonable doubt. *Driggers v. State,* 244 Ga. 160 (259 SE2d 133) (1979).

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED FEBRUARY 5, 1982.

*Curtis R. Boren,* for appellant.
*J. Lane Johnston, District Attorney,* for appellee.

