## 64953. SMITH v. THE STATE.

POPE, Judge.

Defendant Timothy P. Smith here appeals his conviction on three counts of first degree vehicular homicide. While driving his pickup truck under the influence of alcohol (blood alcohol grams percentage of .27 resulting from drinking some fifteen beers), defendant crossed the centerline of the highway and struck an oncoming car head-on, killing the three college girls inside. He was sentenced to fifteen years, to serve ten. He now asserts three enumerations of error, raising five issues. We affirm.

1. Defendant first contends that the evidence was insufficient and did not exclude every other reasonable hypothesis except his guilt. In regard to the latter, we find contrary to defendant's suggestion that the evidence against him was circumstantial that the state's case included direct evidence as well as circumstantial evidence. See Code Ann. § 38-102 (now OCGA § 24-1-1 (3) & (4)); see also Division 3, infra. The burden of proof pertaining to cir-cumstantial evidence, Code Ann. § 38-109 (now OCGA § 24-4-6), applies only when the state relies solely on circumstantial evidence to make its case. *Arnett v. State,* 245 Ga. 470 (4) (265 SE2d 771) (1980); *Gaines v. State,* 232 Ga. 727 (3) (208 SE2d 798) (1974). Even so, we find that the evidence did in fact exclude every other reasonable hypothesis. There was evidence proffered to establish other hy-potheses, but the trier of fact, the court in this case, was authorized to find those hypotheses were not reasonable. *Harris v. State,* 236 Ga. 242 (1) (223 SE2d 643) (1976).

Defendant's assertion that the evidence was insufficient is likewise without merit. The evidence of guilt was overwhelming and it easily satisfies the Jackson v. Virginia standard. 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. In defendant's second enumeration of error he claims that it was error to admit the results of the alcohol intoxication tests into evidence because he had not been given Miranda warnings before the tests were made. The record, however, discloses that defendant expressly stipulated to the admissibility of the tests and this constitutes a waiver of any objection to their admissibility. See generally *Birt v. State,* 238 Ga. 402 (233 SE2d 362) (1977); *Cagle v. State,* 132 Ga. App. 227 (2) (207 SE2d 703) (1974), reaffirmed in *State v. Chambers,* 240 Ga. 76, 77 (239 SE2d 324) (1977); *Heavey v. Security Mgt. Co.,* 129 Ga. App. 83, 84 (198 SE2d 694) (1973). We do note that defendant was properly advised under the implied consent law prior to the testing. See Code Ann. § 68A-902.1 (a) (3) & (4) (now OCGA § 40-6-392 (a) (3) & (4)); Code Ann. § 68B-306 (now OCGA § 40-5-55);

*Garrett v. Dept. of Public Safety,* 237 Ga. 413 (2) (228 SE2d 812) (1976); *Strong v. State,* 231 Ga. 514 (202 SE2d 428) (1973), cert. den., 416 U. S. 994 (1974).

3. In the second enumeration of error defendant also claims it was error to admit into evidence his statement given to the police after being advised of his Miranda rights, but while he was still under the influence of alcohol. He contends that a man too drunk to drive is too drunk to waive his constitutional rights. While this is certainly not a recognized axiom, we think it appropriate to scrutinize the record carefully under such circumstances to ascertain whether his statement, which was tantamount to a confession, was given knowingly and voluntarily. Nevertheless, we are still bound to accept the factual determinations of the trial court unless they are clearly erroneous. *Carter v. State,* 160 Ga. App. 299 (1) (287 SE2d 313) (1981); *Ramey v. State,* 145 Ga. App. 812 (2) (245 SE2d 45) (1978).

The trial court here was presented with more than ample evidence upon which to make its decision and that evidence was thoroughly tested by cross-examination. After careful review, we hold that the court's finding that defendant was rational and coherent when he made his statement to the police and that the statement was given knowingly and voluntarily is not clearly erroneous. See *Allen v. State,* 231 Ga. 17 (2) (200 SE2d 106) (1973), cert. den., 414 U. S. 1159 (1974); *Carter v. State,* supra.

4. Defendant's final contention is that the trial court erred in sentencing him on three counts of vehicular homicide because the three deaths resulted from one negligent act. In support of this contention he cites several cases involving crimes against property. Such cases are wholly inapposite. "Where one is charged with the homicide of different people in different counts and is found guilty on each count, he may be sentenced separately on each count to run consecutively for the reason that the killing of different persons constitutes separate crimes even though done at the same time with one stroke of the same death-dealing instrument. While the stroke was one transaction, the killing of different persons with that stroke constitutes several criminal transactions." *Brown v. State,* 129 Ga. App. 743, 746 (201 SE2d 14) (1973); see also Code Ann. § 26-506 (a) (now OCGA § 16-1-7 (a)).

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED DECEMBER 3, 1982.

*William G. Posey,* for appellant.
*Bryant Huff, District Attorney, Gerald W. Brown, Assistant*

*District Attorney,* for appellee.