*Joseph F. Page,* for appellees.

## 65771. HURT v. THE STATE.

SHULMAN, Chief Judge.

Appellant was convicted of the armed robbery of a fivesome at a golf course. In his sole enumeration of error, appellant asserts that the trial court committed reversible error when it refused to grant his motion for a directed verdict of acquittal. Appellant contends that the only direct evidence against him was furnished by the testimony of an alleged co-conspirator and that, because it was not corroborated by other evidence, his motion should have been granted. We disagree. The alleged co-conspirator stated that he and appellant had robbed the golfers at gunpoint. Another state's witness reported that appellant had told him that appellant had committed a robbery and had named the golfers as his victims. That witness also identified the gun used in the robbery as one which appellant had taken from the witness' car and had returned to the witness after the robbery. Furthermore, one of the victims testified that appellant's size, build, and complexion were the same as those of one of the perpetrators. The above-summarized evidence is more than slight evidence which tends to connect appellant with the crime or to lead to an inference that he is guilty and, therefore, is sufficient to corroborate the testimony of appellant's alleged accomplice. *Dickerson v. State,* 161 Ga. App. 178 (1) (288 SE2d 131).

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED MAY 16, 1983.

*James A. Nolan,* for appellant.
*Joseph H. Briley, District Attorney,* for appellee.