71240. HORNE v. THE STATE.
71241. JONES v. THE STATE.
(341 SE2d 243)

CARLEY, Judge.
 Appellants and three others were jointly indicted for two counts
of armed robbery. The three co-indictees pled guilty, leaving only ap-
pellants to be tried jointly. Appellants were convicted and they have
filed separate appeals. The enumerations of both appellants being
substantially the same, their appeals will be considered together.
 1. The general grounds are enumerated. Taken in the light most
favorable to the jury's verdict, the evidence adduced at trial would
authorize the jury to find as follows: At about 6:30 p.m. on the eve-
ning of November 22, 1983, appellants met with co-indictees Vernon
Porter and Joseph Williams to discuss robbing a store in Effingham
County. A short while later, co-indictee Robert Gerald joined the
meeting. Appellants and the three others left the meeting in co-in-
dictee Gerald's car.
 Nora Elaine Smith and Paul Francis Quill were alone in Smitty's
Store in Effingham County on that evening. Ms. Smith's father owned
the store, and she was working there as a clerk. About 8:00 p.m., five
men entered the store. One of the men was known by Ms. Smith and
Mr. Quill to be Vernon Porter. While the other four men fanned out
about the store, Vernon Porter held a gun on Ms. Smith and Mr.
Quill. The robbers took money from the cash register, as well as from
another box behind the check-out counter. They also took a number
of watches, along with Ms. Smith's purse. Mr. Quill's wallet was re-
moved from his pocket and discarded when it was found to contain no
money. Before they left the store, the robbers pushed Ms. Smith and
Mr. Quill to the floor and tied them up with belts.
 Vernon Porter was positively identified as one of the robbers. He
had been in the store several times during the afternoon before the
robbery, and both Ms. Smith and Mr. Quill knew him quite well.

They were unable to identify any of the other robbers. However, after co-indictees Porter, Williams and Gerald were arrested, they pled guilty and offered confessions which also implicated appellants.

The co-indictees were called as witnesses for the State in appellants' trial. To the State's surprise, their trial testimony exculpated appellants and thus was contradictory to their confessions. Evidence regarding the co-indictees' original confessions, which had implicated appellants, was then proffered at trial. OCGA § 24-3-52 provides that "[t]he confession of one joint offender or conspirator made after the enterprise is ended shall be admissible only against himself." However, "[t]he provisions of [OCGA § 24-3-52] have no application where the joint offender or conspirator is sworn and testifies as a witness. [Cits.]" *Oliver v. State,* 159 Ga. App. 154, 156 (282 SE2d 767) (1981). Although the co-indictees in the instant case did not give inculpatory testimony from the witness stand, in *Gibbons v. State,* 248 Ga. 858, 862 (286 SE2d 717) (1982), our Supreme Court held that "a prior inconsistent statement of *a witness who takes the stand and is subject to cross-examination is admissible as substantive evidence,* and is not limited in value only to impeachment purposes." (Emphasis supplied.) The inculpatory confessions were admitted and would accordingly constitute substantive evidence of appellants' guilt under *Gibbons v. State,* supra.

Appellants contend, however, that their convictions should be reversed because the verdicts are based solely on the co-indictees' confessions and the State failed to present sufficient corroborative evidence linking appellants to the crime. Slight evidence of corroboration connecting a defendant with the crime is sufficient. *Jester v. State,* 151 Ga. App. 277 (259 SE2d 680) (1979). Here, substantive evidence attributable not to one but to three accomplices was admitted and implicated appellants as participants in the robbery. The testimony of one accomplice may be corroborated by the testimony of another. *Ledesma v. State,* 251 Ga. 885 (311 SE2d 427) (1984). In addition, there was direct testimony which placed appellants in the company of the confessed robbers shortly before the crime and which showed that they were participants in a discussion of a robbery. The corroborative evidence is sufficient. *Jester,* supra.

This court will not ordinarily disturb a jury's verdict where there is any evidence to support it. *Eubanks v. State,* 240 Ga. 544 (242 SE2d 41) (1978). Here, the evidence was clearly sufficient to allow a rational trior of fact to find appellants guilty, beyond a reasonable doubt, of the crimes charged. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *State v. Smith,* 164 Ga. App. 624 (298 SE2d 587) (1982).

2. Appellants contend that the trial court erred by allowing the State to call a witness after it had rested its case. It is within the

sound discretion of the trial court to allow either party to re-open the evidence after resting. *Leach v. State*, 143 Ga. App. 598 (239 SE2d 177) (1977); *King v. State*, 230 Ga. 581 (198 SE2d 305) (1973). The trial court did not abuse its discretion in the instant case.

3. Appellants' remaining enumerations of error have been considered and are without merit.

*Judgments affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED JANUARY 28, 1986 —
REHEARING DENIED FEBRUARY 11, 1986 —

*Grady K. Reddick*, for appellants.

*J. Lane Johnston, District Attorney, David E. White, Assistant District Attorney*, for appellee.