45867, 45868. BURGAN v. THE STATE (two cases).
(371 SE2d 854)

MARSHALL, Chief Justice.

Robert Lee Burgan and Charles Andrew Burgan appeal their convictions of murder and conspiracy to commit murder, for which they were given consecutive sentences of life imprisonment and 10 years' probation.[1] We affirm.

---

[1] The crimes were committed on November 15, 1986. The appellants were convicted and sentenced on July 24, 1987. Appellant Robert Burgan filed a motion for new trial on August 17, 1987, which was amended on April 21, 1988, and denied on April 28, 1988. Appellant Charles Burgan filed a motion for new trial on August 7, 1987, which was amended on April 20 and 28, 1988, and denied on April 28, 1988. The transcript of the evidence was filed on September 9, 1987. Notice of appeal was filed by appellant Charles Burgan (Case No. 45868) on May 13, 1988, and by appellant Robert Burgan (Case No. 45867) on May 23, 1988. The cases were docketed in this Court on June 6, 1988, and submitted to this Court on July 22,

The appellant brothers and their lookout, Woodrow Whitney Shepherd, customarily used drugs together, which they purchased from the murder victim, Stephen Kent Steinberger, and the victim of the conspiracy to commit murder, Donna Callahan Steinberger, Stephen's common-law wife. Robert, Charles and Woodrow were tried jointly. Another lookout, Julie Anita Arnold, was tried separately. This Court granted the motion of co-defendant Shepherd to dismiss his appeal.

Charles also sold drugs for the Steinbergers, who were motorcycle-gang members. Charles owed the Steinbergers $1,000 for drugs. He went to their home to explain the non-payment. The Steinbergers inflicted cigarette burns on his face and threatened further injury if payment was not forthcoming. Robert, Charles and Woodrow then devised their plans to kill the Steinbergers. They planned to lure the Steinbergers to a new subdivision, under guise of paying the debt. Woodrow would serve as lookout, equipped with a two-way radio, by which to warn Robert and Charles. Robert was to kill Donna, and Charles was to kill Stephen. If Donna did not accompany Stephen to the meeting, the conspirators would go to her home, and kill her quietly with a crossbow, rather than with their father's .357 Magnum pistol, before they would ransack the Steinbergers' home for drugs and money. Stephen arrived at the subdivision alone, and Charles shot him. The conspirators moved his body and made a telephone call, to divert the attention of the motorcycle gang away from them. They approached Donna's house. Donna was alerted by her pit bull dogs, turned on the outside light, and called the police. The Burgans fled the area to avoid being captured by the motorcycle gang. Robert was arrested for a parole violation and jailed in Gwinnett County, where he told his cellmate, Marshall Bailey, about the foregoing events. Charles was arrested in Indiana, where he confessed, implicating the others. The Burgans pleaded self-defense: that Charles shot Stephen because Stephen reached for a gun.

### I. Case No. 45867 (Robert Burgan's appeal)

1. The rule regarding the disclosure of exculpatory material set forth in *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963), is not violated when the material in question is available to the defendants during trial, pre-trial disclosure of materials not being required. *Castell v. State*, 250 Ga. 776 (2b) (301 SE2d 234) (1983) and cits. Thus, even assuming that out-of-court statements made to law-enforcement officers by Jared Lipovsky which were inconsistent with his testimony at trial, were exculpatory, *Brady* was not violated by

the nondisclosure of such inconsistent statements before trial where the witness was extensively cross-examined about the inconsistencies, earlier disclosure would not have benefited the defense, and the delayed disclosure did not deprive him of a fair trial or materially prejudice his case. *Castell,* supra (2b) and cit.; *Rose v. State,* 249 Ga. 628 (1) (292 SE2d 678) (1982) and cits. .

2. Error is enumerated on the trial judge's denial of the appellant's motion for a continuance for the purpose of reorganizing his defense after the trial court severed the trial of Julie Arnold on the morning of the trial, it being alleged that her testimony was to have been used to benefit this appellant.

" ' "A refusal to grant a continuance will not be disturbed by appellate courts unless it clearly appears that the judge abused his discretion in this regard." [Cits.]' [Cit.] 'In all cases, the party making an application for a continuance must show that he has used due diligence.' OCGA § 17-8-20." *Pope v. State,* 256 Ga. 195, 207 (12) (345 SE2d 831) (1986).

This appellant knew that three of the four co-defendants (Charles, Julie, and he) had moved for severance, so he should have been prepared to go to trial with Julie's case severed. He has failed to show due diligence, abuse of discretion, or prejudice.

3. This appellant contends that the trial court erred in admitting ten photographs of the victim at the crime scene and of the crime scene itself, including the bloodstained seats of the victim's vehicle, because the pictures were repetitious and inflammatory. Photographs which demonstrate the location of the body, the location and nature of wounds to the victim, and the crime scene, are relevant and material to the issue of death, as well as to the issue of concealing a death, *Leggett v. State,* 256 Ga. 274 (3) (347 SE2d 580) (1986) and cit., and photographs which are material and relevant to any issue are admissible even though they may be duplicative and inflame the jury. *Goss v. State,* 255 Ga. 678 (1) (341 SE2d 448) (1986) and cits. There was no error.

4. This appellant contends that the trial court erred in recharging the jury at its request on the questions of parties to a crime and conspiracy, because the court did not also recharge them on the law of "mere presence at the scene of the crime."

" ' "Where the jury requests further instructions upon a particular phase of the case, the court in his discretion may recharge them in full, or only upon the point or points requested." (Cits.)' *Shouse v. State,* 231 Ga. 716, 720 (13) (203 SE2d 537) (1974)." *Lobdell v. State,* 256 Ga. 769, 776 (13) (353 SE2d 799) (1987). There was no abuse of discretion here, where the appellant failed to request this recharge or object to the recharge as given when the judge inquired about specific objections, and where the trial judge cautioned the jury to recall and

apply equally the other portions of his original charge that were not recharged.

5. Finally, this appellant contends that the trial court erred in denying his motion to suppress his statement made to his cellmate, Marshall Bailey, on the ground that his Sixth Amendment rights were violated because state's witness Bailey was acting as an agent for the state when he allegedly elicited the inculpatory statement. *United States v. Henry*, 447 U. S. 264 (100 SC 2183, 65 LE2d 115) (1980). However, the facts established pursuant to the motion to suppress support the trial judge's finding that Bailey did not become a state agent. Bailey, not the state, initiated contact with the appellant. "An inmate who acts upon the expectation of an unpromised reward does not thereby become an agent for the state." *Baxter v. State*, 254 Ga. 538, 546 (12) (331 SE2d 561) (1985). What Bailey hoped to get for his testimony went to his credibility, not to the admissibility of his testimony.

## II. Case No. 45868 (Charles Burgan's appeal)

6. In his first enumeration of error, this appellant challenges the sufficiency of the evidence to support his convictions. There was evidence that: he had been threatened by the victim on account of his owing the victim money for drug sales; he and the co-defendants met together several times specifically for the purpose of planning the murders; in furtherance of the conspiracy, telephone calls were made, walkie talkies were purchased, and a .357 Magnum pistol was stolen; the defendants, acting pursuant to the conspiracy, murdered the victim at a deserted subdivision, then attempted to murder his widow and ransack her house for drugs and money; and that there was an active attempt at concealment by appellant's placing several telephone calls to the victim's wife denying any knowledge of the victim's whereabouts, helping the co-defendants file down the barrel of the murder weapon, and by omitting any reference to the participation of the co-conspirators in his confession to the Indiana police. The evidence supports the appellant's conviction on both counts. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

In the same enumerated error, the appellant complains of the trial court's giving a state's requested charge and failing to give several of the appellant's requested charges. This contention is not supported by argument or citation of authority, and is therefore deemed abandoned under Rule 45, Rules of the Supreme Court. Further, we have reviewed the instructions and charge as a whole and find no error. *Williams v. State*, 256 Ga. 609 (2) (351 SE2d 454) (1987).

7. In his second enumerated error, this appellant contends that he was prejudiced by the state's introduction of the testimony of Sgt.

Phil Davis allegedly stating that the appellant had invoked his constitutional right to remain silent. We find no testimony which could be construed as a comment on an exercise of appellant's right to remain silent, which is prohibited. *Doyle v. Ohio*, 426 U. S. 610 (96 SC 2240, 49 LE2d 91) (1976); *Howard v. State*, 237 Ga. 471, 473 (228 SE2d 860) (1976). Furthermore, this testimony was elicited, not by the state, but by co-defendant's counsel; the witness' answers were responsive and the appellant made no objection to them.

8. This appellant contends in enumerated error 3 that the trial court abused its discretion in denying his motion to sever his trial from that of his co-defendants, asserting that the number of defendants created confusion of the evidence and law applicable to each defendant, that the participation of each co-defendant was so different, and that evidence in the form of statements and testimony by co-defendants were improperly considered by the jury despite precautions by the court.

In this case, the nature of the evidence included a conspiracy theory of liability both for the substantive murder charge and the second conspiracy count. The number of defendants (three) was not so large that their individual participation in the criminal enterprises could not be sorted out by the jury. No evidence concerning statements to the police by the co-defendants was improperly admitted against this appellant, but was introduced as admissions of co-conspirators during the planning of the conspiracy. Any error that might be complained of in connection with the admissions of these statements was eliminated when both co-defendants took the stand and were cross-examined. *Horne v. State*, 177 Ga. App. 765 (1) (341 SE2d 243) (1986). Finally, the defenses of the three co-defendants were not antagonistic; they all told corroborating stories and were actually witnesses for each other. There was no clear showing of prejudice and denial of due process necessary to require severance. *Cain v. State*, 235 Ga. 128 (218 SE2d 856) (1975).

9. In enumerated error 4, this appellant asserts that the trial court erred in permitting the introduction of the statements made by co-conspirator Robert Burgan to witness Bailey in jail, the contention being that there was no evidence that the conspiracy was still pending at that time.

The trial court gave cautionary instructions to consider Robert's statement only if the jury found that a conspiracy existed at the time of the jailhouse statement. There was evidence authorizing the finding that the conspiracy still existed: Lipovsky testified that Robert Burgan told him what to tell the police, and this appellant's own statement to the police in Indiana concealed the involvement of others in the planning and the execution of the plans for killing the victim. Any error that might be complained of in connection with the

admission of statements made by co-defendant Robert Burgan was eliminated when Robert took the stand and was subject to cross-examination. *California v. Green*, 399 U. S. 149 (90 SC 1930, 26 LE2d 489) (1970); *Durham v. State*, 240 Ga. 203 (2) (240 SE2d 14) (1977).

10. Finally, this appellant purports to adopt by reference each and every enumeration of error and argument in co-defendant Robert Burgan's appellate brief. Pretermitting whether such adoption by reference is permitted, each of his co-defendant's enumerated errors has been held to be without merit.

*Judgment affirmed in both cases. All the Justices concur.*

DECIDED SEPTEMBER 22, 1988.

*J. Stanley Rhymer*, for appellant (case no. 45867).
*Michael Greene*, for appellant (case no. 45868).
*Thomas C. Lawler III, District Attorney, Stephen E. Franzen, Assistant District Attorney, Michael J. Bowers, Attorney General, Leonora Grant*, for appellee.