301 Ga. 74
FINAL COPY

S16Y0832.  IN THE MATTER OF DEMONE WYATT LEE.

PER CURIAM.

In Brady v. Maryland, 373 U. S. 83, 87 (83 SCt 1194, 10 LE2d 215) (1963), the United States Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." Consistent with Brady, Georgia Rule of Professional Conduct 3.8 (d) requires a prosecuting attorney in a criminal case to "make timely disclosure to the defense of all evidence or information known to the prosecutor that tends to negate the guilt of the accused or that mitigates the offense." In this disciplinary matter, Demone Wyatt Lee (State Bar No. 507119) is charged with a violation of Rule

3.8 (d).[1] The special master[2] and the Review Panel found that Lee violated Rule 3.8 (d), and they recommended that he receive a formal admonition. The State Bar urges that a more severe sanction — a public reprimand — is appropriate. We find, however, that the evidentiary record fails to show any clear-cut violation of Brady or Rule 3.8 (d), and for that reason, we conclude that no discipline at all is warranted.

In 2013, Lee was employed as an assistant district attorney in Fulton County, and he was assigned to prosecute a case in which the accused was charged with two sex crimes against a child, one involving oral sodomy, and the other involving anal sodomy.[3] About a week before trial, Lee interviewed the child, who previously had given a statement (that was video recorded) implicating the accused in both oral and anal sodomy.[4] In speaking with Lee,

---

[1] A violation of Rule 3.8 exposes a lawyer to a public reprimand or lesser discipline. See Ga. R. Prof. Conduct 3.8.

[2] We appointed attorney Chris C. Howard, Jr., as special master in this matter.

[3] Lee was admitted to practice law in Georgia in 2011, although he previously had practiced for a couple of years in Florida. When he was assigned to prosecute the case in question, Lee was new to the prosecution of sex crimes against children.

[4] Lee was assigned to the case only about three weeks before trial, and he was not involved with the case when it was originally investigated and the indictment was returned.

the child recounted an incident of oral sodomy, but when Lee asked if the accused ever had "touched [the child's] butt," the child responded in the negative. Lee did not inquire further of the child at that time about the earlier allegation of anal sodomy. Lee then consulted a more seasoned prosecuting attorney in his office about the failure of the child to recount any instance of anal sodomy and how Lee ought to present the case at trial. Lee did not disclose to defense counsel before trial, however, that the child had denied that the accused "touched [his] butt."

At trial, Lee presented the video recording of the earlier statement in which the child implicated the accused in oral and anal sodomy. Lee also called the child as a witness, and on direct examination, the child testified about an incident of oral sodomy. After the child recounted the oral sodomy, Lee continued his direct examination of the child as follows:

Q: What happened after that, after [the oral sodomy concluded]?

A: I don't know.

Q: Did he ever touch you?

A: Like anywhere else?

Q:     [Affirmative response]

A:     No.

Q:     Okay. Did he ever put his penis on you again?

A:     Like anywhere else on my body?

Q:     [Affirmative response]

A:     Unh-unh.

. . .

Q:     So it was just that one incident [involving oral sodomy]?

A:     Mm-hmm.

In closing argument, Lee noted the inconsistency between the recorded statement of the child and his testimony at trial, and he acknowledged that the child not only failed to testify about any anal sodomy, but the child had testified that the anal sodomy, in fact, "didn't happen." Lee urged the jury to accept the trial testimony as credible, and he conceded an acquittal as to the charge involving anal sodomy. When the jury returned its verdict, it found the accused guilty of oral sodomy, but not guilty of anal sodomy.

After the jury was dismissed, Lee spoke with a juror in the presence of defense counsel. The juror asked about the charge involving anal sodomy, and Lee made reference to his having interviewed the child a week earlier. Defense counsel overheard these remarks. Defense counsel later filed a motion for new trial, asserting that the State violated Brady by failing to disclose that the child had denied before trial that the accused had "touched [his] butt." The State consented to a new trial,[5] and the trial court granted the motion.

The State Bar filed a formal complaint, charging Lee with a violation of Rule 3.8 (d) for having failed to disclose to defense counsel that the child before trial denied that the accused had "touched [his] butt." Upon a review of the evidentiary record, the special master concluded that Lee failed as a result of an unintentional oversight to disclose evidence that should have been disclosed under Brady,[6] and for that reason, Lee committed a "technical violation of Rule

---

[5] A prosecuting attorney other than Lee signed the consent order.

[6] As support for his finding that the failure to disclose was unintentional, the special master pointed to evidence that Lee was (at the time of the trial in question) a relatively inexperienced prosecutor, that he was completely inexperienced in the prosecution of sex crimes against children, that Lee had little time to prepare for the trial, that Lee honestly (but erroneously) believed that defense counsel already knew the substance of what Lee had learned when he interviewed the child before trial, that Lee conceded an acquittal as to anal sodomy at trial, that Lee volunteered information about his pretrial interview of the child in the

3.8 (d)." Noting that Lee had no prior disciplinary record, the special master recommended a formal admonition. See Bar Rule 4-102 (b) (6). The State Bar took exception to the recommendation of a formal admonition, but the Review Panel endorsed the findings and recommendation of the special master, specifically adopting the finding that Lee committed a "technical violation of Rule 3.8 (d)" and that a formal admonition was appropriate.[7] The matter then was transmitted to this Court for decision, and here, the State Bar urges that a public reprimand is in order.

To begin, we accept the findings of the special master and the Review Panel that Lee never acted in bad faith and did not intentionally withhold from defense counsel information about his pretrial interview of the child.

_____

presence of defense counsel, that Lee was candid with defense counsel and the trial court when the Brady issue later was raised, and that it simply never occurred to Lee until after the trial concluded (although it certainly should have occurred to him) that the pretrial interview implicated Brady.

[7] Although a formal admonition ordinarily is confidential, see Bar Rule 4-102 (b) (6), any discipline imposed by this Court is a matter of public record, notwithstanding that it might otherwise have been confidential if imposed at an earlier point in the proceedings. See Bar Rule 4-102 (c) (1). The Review Panel recommended that Lee's identity be kept confidential, but it cited no precedent for doing so in a public disciplinary proceeding. Indeed, as we do here, we identify the lawyer involved in a disciplinary proceeding in this Court, even one that results in no discipline. See, e.g., In the Matter of Woodham, 296 Ga. 618 (769 SE2d 353) (2015); In the Matter of Wallace, 292 Ga. 899 (742 SE2d 737) (2013).

6

Nevertheless, Brady applies "irrespective of the good faith or bad faith of the prosecution," 373 U. S. at 87, and intent likewise is irrelevant in considering whether Rule 3.8 (d) has been violated.[8] An unintentional violation of Brady and Rule 3.8 (d) is still a violation, and any violation of Brady — intentional or unintentional — is a serious matter, not a mere "technicality." For these reasons, a clear-cut violation of Brady very well may warrant discipline under Rule 3.8 (d). But in this matter, we conclude that the State Bar has failed to establish a clear-cut Brady violation.

No doubt, the record clearly and convincingly shows that Lee failed to disclose to defense counsel before trial that the child denied the anal sodomy.[9] But Brady does not always require *pretrial* disclosure of exculpatory evidence,

---

[8] A prosecuting attorney may violate Rule 3.8 (d) irrespective of his intent. If his violation of Rule 3.8 (d) is intentional, however, his conduct may also amount to a violation of other Rules of Professional Conduct that expose the attorney to more severe penalties. See Ga. R. Prof. Conduct 3.8, comment [1] ("[K]nowing disregard of those obligations or a systematic abuse of prosecutorial discretion could constitute a violation of Rule 8.4: Misconduct," which makes professional conduct involving "dishonesty, fraud, deceit or misrepresentation" punishable by disbarment).

[9] We will assume that the statement of the child in the pretrial interview — denying that the accused "touched [his] butt" — amounts to a denial of anal sodomy, although we note some ambiguity on that point. Even considering the ambiguity, we accept that the statement implicates Brady and Rule 3.8 (d).

and at least in some circumstances, a prosecuting attorney may satisfy Brady by disclosing it *at trial.* See, e.g., Burgan v. State, 258 Ga. 512, 513 (371 SE2d 854) (1988) ("The rule regarding the disclosure of exculpatory material set forth in Brady . . . is not violated when the material in question is available to the defendants during trial, pre-trial disclosure of materials not being required." (Citation omitted)); Floyd v. State, 263 Ga. App. 42, 43 (587 SE2d 203) (2003) ("Assuming, without deciding, that the statement was exculpatory, the state did not suppress the evidence because the prosecutor introduced it at trial, and Floyd had ample opportunity to cross-examine [the witness]."). Moreover, our Court of Appeals has held that a prosecuting attorney may satisfy Brady simply by himself introducing at trial the substance of the exculpatory evidence. See, e.g., Nelson v. State, 279 Ga. App. 859, 864 (2) (632 SE2d 749) (2006) ("[N]o Brady violation occurred because the victims' testimony was introduced at trial and Nelson was given an opportunity to conduct cross-examination."). Whether a disclosure at trial is timely enough to satisfy Brady depends on the extent to which the delay in disclosing the exculpatory evidence deprived the defense of a meaningful opportunity to cross-

8

examine the pertinent witness at trial, whether earlier disclosure would have benefitted the defense, and whether the delay deprived the accused of a fair trial or materially prejudiced his defense. See Burgan, 258 Ga. at 513-514 (1).

At the trial in question, Lee called the child as a witness, and Lee himself elicited testimony on direct examination that amounted to a recantation of the earlier allegation of anal sodomy. The exculpatory nature of the testimony on direct examination was far more clear and unequivocal than the pretrial denial that the accused had "touched [the child's] butt." Following the direct examination, defense counsel had an opportunity to cross-examine the child. Lee did not dispute the credibility of the recantation on direct examination, and he urged the jury in closing argument to accept it as credible. He made no effort to rehabilitate the allegation of anal sodomy in the recorded statement of the child. He conceded the anal sodomy charge. And the jury ultimately acquitted the accused of anal sodomy. It is true that the recantation of the anal sodomy allegation bears upon the credibility of other statements made by the child about oral sodomy, and so, the inconsistent accounts of anal sodomy were relevant to the charge involving oral sodomy. But the inconsistency became

9

clear and obvious when the child recanted the allegation of anal sodomy in the presence of the jury, and the State Bar points to nothing in the record of these disciplinary proceedings that shows that the accused was prejudiced in any way by the late disclosure that the anal sodomy, as Lee put it, "didn't happen."[10] Given the peculiar circumstances of this case, we cannot say on the record now before us that the State Bar has shown a clear-cut Brady violation. We conclude that no discipline is warranted under Rule 3.8 (d).[11,12]

No discipline imposed. All the Justices concur.

---

[10] We note that the State Bar has not put the entire record of the criminal trial before us in this disciplinary matter, so we do not know whether the record in the criminal case might reveal prejudice. Because the records are not the same, our conclusion that the State Bar in this matter has failed to show a clear-cut Brady violation is not necessarily inconsistent with the grant of the motion for new trial in the criminal case.

[11] We note some dispute among the courts about the extent to which Brady and provisions like Rule 3.8 (d) are coextensive. See In re Kline, 113 A3d 202, 211 (II) (D.C. App. 2015). Nevertheless, the State Bar in this case advances no reasoned argument that "timely disclosure" under Rule 3.8 (d) requires disclosure sooner than Brady, nor has the State Bar briefed whether Rule 3.8 (d) has a materiality element (like a Brady claim). We do not decide these things today. Our conclusion that no discipline is warranted is sufficient to resolve the matter now before the Court.

[12] Although we impose no discipline in this matter, we caution that when a prosecuting attorney delays the disclosure of exculpatory evidence until trial, he plays with fire. Whether a delay in disclosing such evidence violates Brady is a question that requires a consideration of numerous circumstances, see Burgan, 258 Ga. at 513-514 (1), many of which are unknowable for the prosecutor until well after the trial is underway, and some of which may be unknowable until long after the trial has concluded. A prudent prosecutor would disclose exculpatory evidence as promptly as reasonably possible.

10

Decided May 1, 2017.

Disciplinary matter.

Paula J. Frederick, General Counsel State Bar, Rebecca A. Hall, Assistant General Counsel State Bar, for State Bar of Georgia.

John C. Jones, for Lee.