## 70839. FLEEMAN v. THE STATE.
(336 SE2d 45)

SOGNIER, Judge.

Fleeman appeals from his conviction of burglary.

1. In enumerations of error 1, 2 and 4, appellant contends the trial court erred by allowing a State witness, Steven Tidwell, to be questioned by the prosecuting attorney as to a prior inconsistent statement, and by ruling that the prior inconsistent statement was admissible as substantive evidence. Appellant argues that because Tidwell was a joint offender the rule set forth in *Gibbons v. State*, 248 Ga. 858, 862 (286 SE2d 717) (1982), is not applicable. *Gibbons* held that a prior inconsistent statement of a witness who takes the stand and is subject to cross-examination is admissible as substantive evidence. Appellant's argument is without merit, as there is no evidence to show that Tidwell was a joint offender in the burglary involved here. Hence, the rule set forth in *Gibbons* is applicable in the instant case, and the trial court did not err by so ruling.

2. Appellant contends error by allowing a prior inconsistent statement of Erik Ottinger, a joint offender, to be admitted as substantive evidence. Ottinger had pleaded guilty to the burglary involved in the instant case and was called as a State witness. He testified that he committed the burglary alone and denied making a statement to Detective Henning that Ottinger, his brother and appellant committed the burglary together. Henning was then called as a witness and testified that he interviewed Ottinger the day after his arrest. After being advised fully of his rights, Ottinger told Henning that he (Ottinger), his brother and appellant committed the burglary together. Appellant contends that under the provisions of OCGA § 24-3-52 the confession of one joint offender made after the enterprise has ended shall be admissible only against himself. Thus, argues appellant, Henning's testimony as to Ottinger's statement was not admissible. This argument is without merit.

The provisions of OCGA § 24-3-52 have no application where the joint offender is sworn and testifies as a witness. *Oliver v. State*, 159 Ga. App. 154, 156 (2) (282 SE2d 767) (1981). Further, the statement was not offered as a confession, but as a prior inconsistent statement

to impeach Ottinger. Thus, under the rule set forth in *Gibbons*, supra, the statement was admissible as substantive evidence. Hence, this enumeration of error is without merit.

*Judgment affirmed. Birdsong, P. J., and Carley, J., concur.*

DECIDED OCTOBER 16, 1985.

*Glyndon C. Pruitt, Walter M. Britt*, for appellant.
*Thomas C. Lawler III, District Attorney, Debra Kaplan Turner, Assistant District Attorney*, for appellee.