S95A1517. KNIGHT v. THE STATE.
(464 SE2d 201)

BENHAM, Chief Justice.

After a three-day trial in 1994, appellant Bobby Knight, Jr. was convicted of the murder of Ruben Bangs, the aggravated assault of Bangs, and the aggravated assault of Angela Harrington. Appellant now brings his appeal from the trial court's denial of his motion for new trial.[1]

1. The State presented evidence that appellant was in the company of Jimmy Lee Drayton and another person when Drayton shot and killed Ruben Bangs, and the third person injured Angela Harrington, a witness to the homicide, by firing a shotgun blast at her while he robbed her moments after Bangs was fatally wounded. Appellant admitted his presence at the scene, but denied having knowledge of the plans of his companions. Drayton pled guilty to the felony murder of Bangs, gave investigators several statements in which he incriminated appellant, and agreed to testify against appellant. At trial, however, Drayton testified that he barely knew appellant and

---

[1] The crimes were committed on December 26, 1991. Appellant was indicted on January 19, 1994, and tried December 13-15, 1994. In light of the guilty verdicts returned on the Bangs aggravated assault and felony murder charges and the Harrington aggravated assault charge, the trial court vacated the Bangs aggravated assault conviction and sentenced appellant to life imprisonment. Appellant was given a consecutive sentence of 20 years' imprisonment for the aggravated assault of Harrington. Appellant's motion for new trial, filed January 4, 1995, by trial counsel, and amended February 22 by appellate counsel, was denied April 27, 1995. Appellant filed a notice of appeal on May 17, and the appeal was docketed on June 23, 1995. The case was submitted on briefs.

that appellant was not involved in the shootings. The State then used Drayton's prior inconsistent statements wherein he recounted that he had told appellant that he "had to take care of some business" with Bangs. In the out-of-court statement, Drayton went on to tell officers that appellant had participated in the assaults, but had not been involved in the planning stages. Harrington, the surviving assault victim, testified that she had heard appellant tell Drayton to shoot Bangs. The evidence was sufficient to authorize a rational trier of fact to find that appellant was guilty of the felony murder of Bangs and the aggravated assault of Harrington. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. After Drayton testified, the State recalled the surviving victim to the stand and questioned her about a conversation she had had with Drayton after testifying against him at his probation revocation hearing. Over defense counsel's hearsay objection, the witness recounted Drayton's statements implicating appellant in the crimes.

The prior inconsistent statement of a witness who takes the stand and is subject to cross-examination is admissible as substantive evidence (*Gibbons v. State*, 248 Ga. 858, 862 (286 SE2d 717) (1982)), and is not subject to a hearsay objection. *Foster v. State*, 216 Ga. App. 26, 28 (453 SE2d 482) (1995). Inasmuch as Drayton's trial testimony was inconsistent with his earlier out-of-court statement to the surviving victim and Drayton was subject to cross-examination, the hearsay objection to the surviving victim's testimony was properly overruled. Compare *Barksdale v. State*, 265 Ga. 9 (453 SE2d 2) (1995) (where it was reversible error to admit as a prior inconsistent statement a pretrial statement of a witness who refused to testify at trial).

3. Appellant raises a number of alleged trial court errors connected to the testimony of Drayton. However, none of the asserted errors has been preserved for appellate review because no objection was raised in the trial court.[2] *Earnest v. State*, 262 Ga. 494 (1) (422 SE2d 188) (1992).

4. We turn our attention to appellant's contention that trial counsel did not render effective assistance of counsel, keeping in mind that appellant must show that he was deprived of a fair trial because counsel's representation fell below an objective standard of reasonableness. *Zant v. Moon*, 264 Ga. 93, 97 (440 SE2d 657) (1994). For the reasons that follow, we conclude that appellant has not established

---

[2] Appellant complains that the trial court erred when it allowed the State to call Drayton solely for the purpose of discrediting him; when it permitted Drayton to be treated as a hostile witness; when it allowed into evidence a tape recording of an interview with Drayton; when it allowed the testimony of an assistant district attorney not named on the witness list; and when it allowed the use of statements by Drayton concerning his fear of retribution from appellant.

that trial counsel rendered ineffective assistance of counsel.

(a) As examples of ineffective assistance, appellant cites trial counsel's failure to interview the surviving victim and Drayton before trial. The surviving victim testified at trial that she had refused to speak with trial counsel's investigator before trial, as was her prerogative. *Rutledge v. State*, 245 Ga. 768 (2) (267 SE2d 199) (1980). Nevertheless, trial counsel conducted a thorough cross-examination of the witness and impeached her with her convictions for theft and possession of controlled substances. Addressing her failure to talk with Drayton before trial, trial counsel testified that Drayton's placement in the state prison system had thwarted her efforts, but that she had reviewed the statements he had made to police. His trial testimony, that appellant was not involved in the shootings, was supportive of appellant's innocence and did not require extensive cross-examination.

(b) Trial counsel's failure to object to the trial court's ruling that Drayton was a hostile witness is not evidence of ineffective assistance. While on the stand, Drayton demonstrated a reluctance to tell what he knew about the shootings. Therefore, the trial court had great latitude to permit the assistant district attorney to treat Drayton as a hostile witness and propound leading questions. *Ethridge v. State*, 163 Ga. 186 (3) (136 SE 72) (1926); OCGA § 24-9-63. Whether leading questions are permitted is within the trial court's discretion *(Ford v. State*, 232 Ga. 511 (10) (207 SE2d 494) (1974)), and exercise of that discretion will not be interfered with by the appellate courts unless the discretion is abused. *Daniels v. State*, 230 Ga. 126 (6) (195 SE2d 900) (1973). No such abuse occurred here.

(c) Appellant next cites as evidence of ineffectiveness trial counsel's failure to object to the admission of the tape recording of the interview of Drayton by an assistant district attorney and an investigator. There is no question but that the contents of the interview were inconsistent with Drayton's testimony at trial. Compare *Barksdale v. State*, supra, 265 Ga. 9. The State was authorized to use the prior inconsistent statement to impeach the witness it had called without a showing of surprise or entrapment. *Rollins v. State*, 262 Ga. 698 (1) (425 SE2d 285) (1993). See also *Ranger v. State*, 249 Ga. 315, 318 (290 SE2d 63) (1982), and *Davis v. State*, 249 Ga. 309, 314 (290 SE2d 273) (1982). Admission of the tape recording did not violate appellant's Sixth Amendment right to confront the witnesses against him, or OCGA § 24-3-52 since the declarant, Drayton, was present at trial and subject to unrestricted cross-examination. *United States v. Owens*, 484 U. S. 554, 560 (108 SC 838, 98 LE2d 951) (1988); *Barksdale v. State*, supra.

(d) Appellant next turns to trial counsel's failure to object to the testimony of the assistant district attorney who laid the necessary

foundation for the admission of the tape recording (see *Steve M. Solomon, Jr., Inc. v. Edgar*, 92 Ga. App. 207 (3) (88 SE2d 167) (1955)), but who was not listed on the witness list. See OCGA § 17-7-110. The statute provides that a witness whose name is not on the witness list shall not testify without the defendant's consent unless the evidence is newly discovered. Id.[3] Had trial counsel voiced an objection, the assistant district attorney would have satisfied the statutory requirement by asserting that the evidence was newly-discovered. Falling within the "newly-discovered evidence" exception to § 17-7-110 is a witness through whom is introduced evidence which the prosecuting attorney did not know would be needed at the time the witness list was furnished to the defendant. *Yeomans v. State*, 229 Ga. 488 (2) (192 SE2d 362) (1972). Since the assistant district attorney would have been able to make a sufficient showing of surprise concerning Drayton's testimony to warrant the trial court allowing the unlisted witness to testify (*Harvey v. State*, 165 Ga. App. 7 (4) (299 SE2d 61) (1983)), trial counsel's failure to object did not constitute ineffective assistance of counsel.

*Judgment affirmed. All the Justices concur.*

DECIDED DECEMBER 4, 1995.

*Robert P. Phillips III*, for appellant.

*Spencer Lawton, Jr.*, District Attorney, *Christine M. Sieger*, Assistant District Attorney, *Michael J. Bowers*, Attorney General, *Susan V. Boleyn*, Senior Assistant Attorney General, *Marla-Deen Brooks*, Assistant Attorney General, for appellee.

---

[3] OCGA § 17-7-110 was repealed by the General Assembly in 1994. Ga. L. 1994, p. 1895. The repeal, applicable to all cases docketed on or after January 1, 1995 (Ga. L. 1994, p. 1895, § 13), does not affect this case. OCGA § 17-16-3 provides for the furnishing of the State's list of witnesses to a defendant whose case is docketed on or after January 1, 1995.