## S96A0592. BROWN v. THE STATE.
(469 SE2d 186)

SEARS, Justice.

The appellant, Maurice Brown, appeals from his convictions of malice murder, armed robbery, and aggravated assault. The state

[2] *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[3] *Gober v. State,* 264 Ga. 226, 228 (443 SE2d 616) (1994).

sought the death penalty, but the jury recommended that Brown receive a sentence of life without parole. The trial court sentenced Brown to life without parole for the malice murder conviction, to life in prison for the armed robbery conviction, and to 20 years in prison for the aggravated assault conviction, all sentences to run consecutively.[1] On appeal, Brown contends that the trial court erred in admitting into evidence a statement of one of Brown's co-conspirators and that the trial court erred in denying his motion to compensate his counsel at the rate of $150 per hour. We conclude that the evidence is sufficient to support the convictions; that the trial court did not err in admitting into evidence the statement of Brown's co-conspirator; and that the issue of compensation of counsel is not properly before us.

On the night of March 22, 1994, several young males entered a convenience store at I-20 and Georgia 44 in Greene County. One of the men approached Wiley Higdon, the lone employee in the store, and without any warning or hesitation, killed him with a handgun. The assailant immediately turned on a customer who was standing next to him and attempted to shoot him as well. The customer fled while the assailant unsuccessfully attempted to fire the gun at him. Lottery tickets and cash were taken from the store. A spent .45 caliber shell casing was found on the floor of the convenience store. There was evidence that Brown threw an object into the yard of a home near the store on the night of the shooting. Police recovered a .45 caliber handgun from that yard, and a state's expert testified that the spent shell casing had been fired from that handgun. An acquaintance of Brown's also testified that Brown came to her house on the night of the shooting with a box full of lottery tickets.

The day after the shooting, Brown, who was then 19 years old, gave a written statement to the police in which he stated that he took the gun into the store; that the gun "just went off"; and that he tried to shoot the fleeing customer. On March 24, 1994, two days after the crimes, Dustin Ashe, a fourteen-year-old co-conspirator, gave a statement to a GBI agent in which he identified Brown as the person who shot Higdon. Ashe subsequently pled guilty to armed robbery and received a 20-year sentence. In January 1995, Ashe gave another statement to the GBI agent to the same effect as the first one. At trial, Ashe's statements were admitted, over defense counsel's objection, as

---

[1] The crimes occurred on March 22, 1994. Brown was indicted on August 23, 1994, and tried from September 7 to September 12, 1995. The jury returned its verdicts on both the guilt-innocence and punishment phases of the trial on September 12. Brown filed a notice of appeal on September 27, 1995. The trial court extended the time for filing the transcript of the proceedings until December 15, 1995. The court reporter certified the trial transcript on December 14, 1995, and the appeal was docketed in this Court on January 5, 1996. The appeal was orally argued on March 19, 1996.

substantive evidence under *Gibbons v. State.*[2]

1. Having examined the evidence in the light most favorable to the verdict, we conclude that it is sufficient to support the convictions.[3]

2. In his first several enumerations of error, Brown contends that the trial court erred by permitting the state to introduce evidence of the prior statements that Ashe gave to the police. Brown first contends that OCGA § 24-3-52[4] required the trial court to exclude evidence of Ashe's prior statements because, according to Brown, those statements were made after the conspiracy had ended. However, § 24-3-52 is designed to protect a defendant from the hearsay confession of a co-conspirator who does not testify at trial.[5] This Court and the Court of Appeals have repeatedly held that where the co-conspirator testifies at trial and is subject to cross-examination, the concerns of § 24-3-52 are satisfied and the Code section has no application.[6] Further, under the exception to the hearsay rule set forth in *Gibbons v. State*,[7] this Court and the Court of Appeals have held that if the co-conspirator's testimony contradicts his prior statement implicating the defendant, the prior statement is admissible as substantive evidence.[8] Here, Ashe was present at trial and was subject to cross-examination, and his prior statements were thus not inadmissible under § 24-3-52.

Relying on *Johnson v. State*,[9] Brown next contends that the statements were inadmissible because a witness may not be impeached by a prior inconsistent statement when the witness testifies at trial merely that he does not remember the events in question. In *Johnson*, we stated that " 'where a witness merely states that he does not remember, he cannot be impeached by the showing of former statements with respect to the facts which he claims not to remember.' "[10] Here, however, Ashe testified, in relevant part, that he did not see Higdon get shot, did not see who shot him, and did not see

---

[2] 248 Ga. 858, 862 (286 SE2d 717) (1982).

[3] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[4] Section 24-3-52 provides that "[t]he confession of one joint offender or conspirator made after the enterprise is ended shall be admissible only against himself." We have held that a conspiracy has come to an end when one co-conspirator identifies other co-conspirators to the police and relates their participation in the conspiracy. E.g., *Crowder v. State*, 237 Ga. 141, 152-153 (227 SE2d 230) (1976).

[5] *Short v. State*, 256 Ga. 165, 169 (5) (345 SE2d 340) (1986); *Hill v. State*, 239 Ga. 278, 279-280 (2) (236 SE2d 626) (1977).

[6] *Knight v. State*, 266 Ga. 47, 48-49 (2), (4) (c) (464 SE2d 201) (1995); *Horne v. State*, 177 Ga. App. 765, 766 (341 SE2d 243) (1986); *Fleeman v. State*, 176 Ga. App. 447, 448 (336 SE2d 45) (1985).

[7] 248 Ga. at 862.

[8] E.g., *Knight*; *Horne*; *Fleeman*.

[9] 255 Ga. 552 (4) (341 SE2d 220) (1986).

[10] Id. at 556. See also McCormick on Evidence, Vol. 2, p. 121, § 251 (4th ed. 1992).

anyone with a gun. All of these statements were inconsistent with his prior statements. Accordingly, the trial court did not err in admitting evidence of Ashe's prior inconsistent statements.

3. Brown next contends that the court erred in denying Brown's motion for adequate compensation of counsel.[11] However, because there is not any proof that the alleged inadequate compensation of counsel denied Brown effective assistance of counsel, the attorney fee issue is not properly before us.[12]

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 29, 1996.

*Martin L. Fierman,* for appellant.

*Fredric D. Bright, District Attorney, Michael J. Bowers, Attorney General, Christopher S. Brasher, Assistant Attorney General,* for appellee.

---

[11] Brown's attorney sought compensation at the rate of $150 per hour instead of the rate provided for by the indigent fee schedule in the Ocmulgee Circuit.

[12] *Moon v. State,* 258 Ga. 748, 753 (6) (375 SE2d 442) (1988).