## S99A0571. ASHFORD v. THE STATE.
(518 SE2d 420)

HUNSTEIN, Justice.

Morrell Ashford was convicted of malice murder and two counts of aggravated assault. He was sentenced to life in prison on the murder count and a consecutive and concurrent term of 20 years imprisonment for the aggravated assault counts.[1] He appeals and we affirm.

1. The evidence established that on February 15, 1995, Jerald Manley agreed to sell a large amount of cocaine to Ashford and his co-defendant, Isiah Heard. In order to make the sale, Anthony Cleveland, a friend of Manley, drove with Ashford and Heard to the home of Darrin Burgess. There, Manley delivered four freezer bags of cocaine in exchange for a briefcase carried by Heard. As Manley attempted to open the briefcase, Ashford shot him in the head, fatally wounding him. Heard then shot Burgess and fired several shots at Cleveland as the two attempted to escape from the home. Ashford grabbed the cocaine and fled, leaving behind the briefcase later found to contain numerous documents belonging to Ashford as well as a photograph of Ashford.

Ashford contends the evidence was insufficient to convict him of the aggravated assault of Cleveland. The State presented testimony

---

[1] Ashford was indicted on September 29, 1995 for malice murder, felony murder, and three counts of aggravated assault. He was tried before a jury on March 12-19, 1996 and found guilty on all counts. His conviction for felony murder was vacated by operation of law and one count of aggravated assault merged as a matter of fact. OCGA § 16-1-7. Ashford filed a motion for new trial on April 17, 1996 and an amended motion for new trial on December 9, 1997. The motions were denied on July 7, 1998. On August 18, 1998 Ashford filed a notice of appeal which was dismissed as untimely filed. He was granted an out of time appeal on December 12, 1998, thereafter filing a notice of appeal on December 18, 1998. His appeal was docketed in this Court on January 13, 1999 and submitted for decision on the briefs on March 8, 1999.

that Heard shot at Cleveland several times as he was fleeing from the home. Viewed in the light most favorable to the verdict, we find the evidence was sufficient to find Ashford guilty beyond a reasonable doubt of the crimes charged as either the perpetrator or a party to the crimes. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); OCGA § 16-2-20.

2. Ashford contends the trial court erred in failing to excuse for cause a juror who knew someone who had been shot to death and who stated she had a personal bias against drugs. During voir dire, however, Ashford did not move on his own or join in his co-defendant's request to remove the juror for cause. Accordingly, this enumeration of error is waived. See *Heard v. State*, 204 Ga. App. 757 (4) (420 SE2d 639) (1992) (defendant who fails to adopt objection of co-defendant waives that objection); see generally *Jenkins v. State*, 269 Ga. 282 (13) (498 SE2d 502) (1998) (objection not raised at trial is waived).

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 3, 1999 —
RECONSIDERATION DENIED MAY 28, 1999.

*Bruce S. Harvey, Jeffrey P. Manciagli,* for appellant.
*Paul L. Howard, District Attorney, Bettieanne C. Hart, David E. Langford, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, H. Maddox Kilgore, Assistant Attorney General,* for appellee.