S01A0637. PASSMORE v. THE STATE.
(552 SE2d 816)

FLETCHER, Chief Justice.

LeKendrick Bernard Passmore was convicted of felony murder in the shooting death of James Jackson.[1] Passmore appeals, contending that the admission of his co-defendant's statement implicated Passmore and required a severance of the two trials. Because the co-defendant testified, his statement was admissible as substantive evidence, and severance was not required. Therefore, we affirm.

1. The evidence at trial showed that late in the evening of Octo-

---

[1] The crime occurred October 11, 1996. A grand jury indicted Passmore on November 19, 1996. Following a jury trial on January 6-8, 1997, Passmore was found guilty of felony murder and possession of a firearm during the commission of a felony. The trial court sentenced Passmore to life imprisonment for felony murder and to a consecutive five-year term on the possession charge. Passmore filed a motion for new trial on January 15, 1997, with new counsel filing an amended motion on July 14, 1998. The trial court denied the motion on December 5, 2000. Passmore filed his notice of appeal on December 7, 2000 and it was docketed in this Court on January 19, 2001 and submitted for decision without oral argument.

ber 10, 1996, Passmore and his co-defendant Darrick Collins[2] were stopped by police as they were driving away from Collins's apartment. The police had a warrant to search Collins's apartment and asked for permission to search Passmore's car, in which they found a loaded 9 mm handgun in the glove compartment. After returning to the apartment with Passmore and Collins and conducting a search, the police unloaded the gun, returned it to Passmore, and left. Collins believed that Rita Lewis, his former girlfriend, had informed the police of his drug activities. Several hours after the search, Passmore drove Collins to Lewis's apartment to confront her. After Lewis would not answer the door, Passmore fired several shots through a window. The shots struck and killed James Jackson, who was inside Lewis's apartment. After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found Passmore guilty of the crime charged.[3]

2. Passmore contends that the trial court erred in failing to sever his trial from that of his co-defendant Collins. Before trial, Passmore argued that a severance was required because Collins's statement implicated Passmore and the introduction of his statement would violate the rule of *Bruton v. United States*.[4] However, Collins testified at trial, thus eliminating any *Bruton* problem.[5] In this circumstance, Passmore has failed to demonstrate clear prejudice from the trial court's denial of severance.[6]

3. Passmore contends that his trial counsel was ineffective for failing to recognize earlier the problems presented by a joint trial. The record indicates, however, that trial counsel made a timely motion for severance. Passmore also asserts that trial counsel was ineffective for failing to cross-examine Collins. However, Collins testified that Passmore was not the shooter and that his statement to the police implicating Passmore was untrue. Therefore, the failure to cross-examine Collins does not fall below the wide range of reasonable professional assistance.[7]

4. The trial court did not err in failing to instruct the jurors that they could consider Collins's statement only against Collins. Because Collins testified, his prior inconsistent statement was properly admitted as substantive evidence.[8]

---

[2] Collins's convictions for malice murder and possession of a firearm have been previously affirmed by this Court. *Collins v. State*, 273 Ga. 30 (538 SE2d 34) (2000).

[3] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[4] 391 U. S. 123 (88 SC 1620, 20 LE2d 476) (1968).

[5] *Depree v. State*, 246 Ga. 240, 242 (271 SE2d 155) (1980).

[6] Id.

[7] See *Yi v. State*, 267 Ga. 171 (475 SE2d 623) (1996).

[8] *Brown v. State*, 266 Ga. 633, 635 (469 SE2d 186) (1996); *Gibbons v. State*, 248 Ga. 858 (286 SE2d 717) (1982).

5. Passmore contends the trial court erred in refusing to excuse an elderly juror who had difficulty understanding English. Passmore, however, failed to challenge the juror for cause and did not expressly adopt his co-defendant's challenge. Therefore, this error is not preserved for appellate review.[9] Likewise, Passmore's claim regarding the procedure for jury selection is not preserved for review.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 17, 2001.

*Peter D. Johnson*, for appellant.

*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney, Thurbert E. Baker, Attorney General, Daniel G. Ashburn, Assistant Attorney General*, for appellee.

---

[9] *Ashford v. State*, 271 Ga. 148, 149 (518 SE2d 420) (1999).