## A09A1671. MATIATOS v. THE STATE.
(688 SE2d 385)

MILLER, Chief Judge.

A jury convicted James Gerald Matiatos of 27 counts of sexual exploitation of a child (OCGA § 16-12-100) by intentionally possessing computer photographic files depicting minor boys engaged in sexually explicit conduct. Matiatos appeals, challenging the trial court's denial of his motion for a mistrial and the effectiveness of his trial counsel. Finding that any error as to the denial of Matiatos' motion for a mistrial was waived upon trial counsel's failure to renew the motion at trial and that new counsel on appeal has failed to establish ineffectiveness of trial counsel, we affirm.

The denial of a motion for mistrial is reviewed for abuse of discretion. *Underwood v. State*, 218 Ga. App. 530, 534 (3) (462 SE2d 434) (1995). A trial court's ruling on a claim of ineffective assistance of trial counsel is "a mixed question [of law and fact] subject to independent review by the appellate court[s]." (Footnote omitted.) *Suggs v. State*, 272 Ga. 85, 87 (4) (526 SE2d 347) (2000). Upon review of such a claim, we accept the trial court's factual findings and determinations of credibility unless clearly erroneous and review de novo a trial court's legal conclusions. Id. at 88 (4).

The record shows that on February 1, 2005, Special Agent Steve Blackwell of the Georgia Bureau of Investigation was contacted by Investigator John Cuda of the White County Sheriff's Office and was asked to assist in an investigation involving Internet child pornography. Blackwell met with Cuda who provided Blackwell a police report concerning Matiatos which he had received from Detective James McLaughlin of the Keene, New Hampshire, Police Department. Matiatos agreed to be interviewed by Blackwell, and after being read and agreeing to waive his *Miranda* rights in Cuda's office, Matiatos admitted that he had e-mailed McLaughlin certain images depicting minor boys engaged in sexually explicit conduct as well as an image of himself simulating an erection.

After the interview, Blackwell obtained a warrant to search Matiatos' home, including, in particular, any computer located

therein. The parties stipulated that the search warrant was validly issued and executed. Blackwell's search of a Compaq computer found at the residence revealed a series of images showing male children in the performance of various sex acts. Matiatos' arrest followed.

Prior to trial, trial counsel interposed a confrontation objection to the recording made of Matiatos' statement to Blackwell as to any hearsay arising out of questions asked by Blackwell which made reference to what McLaughlin had reported to him. The trial court granted the motion, limiting the State's use of McLaughlin's out-of-court statements to those which Matiatos acknowledged as correct. At trial, counsel moved for a mistrial when the recording was played for the jury, arguing that the recording violated the trial court's ruling on his confrontation objection. The trial court denied the motion but gave curative instructions at that time and, a day later, directed the jury to disregard any statement alluded to in the recording which Matiatos did not adopt as his own.[1]

In his defense, Matiatos presented the testimony of Charles Aust. Aust testified that Matiatos had asked him for help in deleting the pornographic images in his computer and opined that the computer could have been infected by such images without Matiatos' knowledge because he had discovered a Trojan horse and viruses in the computer's hard drive.

1. Matiatos appeals, contending that the trial court erred in denying his motion for a mistrial. We disagree.

The record shows that rather than renewing his motion for a mistrial, trial counsel, without objection, accepted the trial court's curative instructions thereon. Consequently, the instant claim of error is waived on appeal. *Spear v. State*, 270 Ga. 628, 631 (5) (513 SE2d 489) (1999) (defendant's failure to renew motion for mistrial after curative instruction waives right to appeal the issue further).

2. Matiatos also contends that he was denied effective assistance of counsel, arguing that trial counsel (i) failed to request a pretrial suppression hearing to challenge the admissibility of his admissions to Blackwell and Cuda, (ii) failed to move to recuse four jurors, who, during voir dire, indicated that they would have difficulty viewing sexually graphic photographs of children, (iii) failed to renew his motion for a mistrial upon the admission of hearsay evidence, and

---

[1] At the time Matiatos moved for a mistrial, the trial court sua sponte charged the jury, "You are to disregard Officer Blackwell's statement of what somebody else told him. Disregard . . . his assertions. . . ." When the trial resumed the next day, the trial court expanded on the foregoing instruction as follows:

Ladies and gentlemen of the jury, the State has rested; however, I want you to understand that the evidence we had yesterday on the audiotape, the statements made by the agent are not evidence except to the extent . . . they were adopted as to the statements of the defendant.

(iv) failed to consult with a computer forensics expert. Matiatos does not support the first of the foregoing claims by citation to the record or reasoned argument. Accordingly, we proceed to his remaining claims of error in turn. See Court of Appeals Rule 25 (c) (2) ("Any enumeration of error which is not supported in the brief by citation of authority or argument may be deemed abandoned.").

For Matiatos to prevail on his claim of ineffective assistance of counsel, he must establish both (1) deficient performance of trial counsel, and (2) that the deficiency was prejudicial to his defense. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Fults v. State*, 274 Ga. 82, 83-84 (2) (548 SE2d 315) (2001). The trial court ruled that Matiatos failed to establish that his counsel's performance was deficient, and this Court will not disturb a trial judge's findings as to deficient performance unless clearly erroneous. *Kilpatrick v. State*, 252 Ga. App. 900, 902 (1) (557 SE2d 460) (2001).

(a) Citing *Smith v. Phillips*, 455 U. S. 209 (102 SC 940, 71 LE2d 78) (1982), Matiatos characterizes as ineffective assistance of counsel trial counsel's failure to move to strike four jurors as biased because they expressed discomfort at viewing sexually graphic photographs of children during voir dire. We disagree.

The United States Supreme Court has "long held that the remedy for allegations of juror partiality is a hearing in which the defendant has an opportunity to prove actual bias." *Phillips*, supra, 455 U. S. at 215 (II). While it is undisputed that the jurors at issue indicated concern at the prospect of having to view the sexually explicit photographs, upon being further queried, no such juror expressed an inability to decide the case based on the evidence alone. The record is otherwise devoid of any suggestion that the jurors were not impartial.

> [D]ue process does not require a new trial every time a juror has been placed in a potentially compromising situation. . . . Due process means a jury capable and willing to decide the case solely on the evidence before it, and a trial judge ever watchful to prevent prejudicial occurrences and to determine the effect of such occurrences when they happen.

Id. at 217 (II). Inasmuch as Matiatos "[did] not show that had a motion to strike been made, it would have been granted[,]" (*Adams v. State*, 283 Ga. 298, 300 (3) (a) (658 SE2d 627) (2008)) the failure to move to strike the complained of jurors was not deficient performance of counsel. *Phillips*, supra, 455 U. S. at 217 (II). The failure to make a fruitless objection does not constitute ineffective assistance

of counsel. *Collins v. State*, 273 Ga. 30, 31-32 (2) (538 SE2d 34) (2000).

(b) Matiatos contends that trial counsel denied him effective assistance of counsel by failing to renew his motion for mistrial following the admission of his videotaped statement to Blackwell as containing impermissible hearsay regarding what McLaughlin told Blackwell about the investigation against him in New Hampshire. Again, we disagree.

The record shows that the trial court granted trial counsel's confrontation objection prior to trial foreclosing the State's use of Matiatos' recorded statement extending to the admission of hearsay, as above. The record further shows that trial counsel objected repeatedly during the trial when he believed Blackwell was about to testify as to what McLaughlin had told him, and that trial counsel moved for a mistrial when such hearsay was introduced at the time the recording was played for the jury. The trial court overruled the motion but, upon the close of the State's case, with trial counsel concurring, properly gave a curative instruction directing the jurors to disregard Blackwell's statements as to what McLaughlin told him except to the extent that Matiatos adopted them as his own. See *White v. State*, 276 Ga. 583, 587 (1) (b) (581 SE2d 18) (2003) ("[A] witness in a criminal trial may not testify about [an out-of-court] declarant's statements based on the accused's acquiescence or silence. However, [such a] declarant's statements are admissible where the defendant adopts the statements as his own by his responses.") (citations and punctuation omitted). Given the foregoing, it cannot be said that trial counsel rendered ineffective assistance by failing to renew his motion for a mistrial. While the failure to renew a motion for mistrial after a curative instruction is given waives the issue on appeal as in Division 1, supra, it is clear that counsel determined as a matter of trial strategy that Matiatos' interests were best served by the curative instruction given and of which he approved. We decline to second guess this strategic decision. "Trial counsel's strategic decision does not amount to ineffective assistance of counsel." (Citation omitted.) *McClain v. State*, 284 Ga. App. 187, 191 (5) (643 SE2d 273) (2007); see also *Hill v. State*, 284 Ga. 521, 523 (2) (a) (668 SE2d 673) (2008) (because a curative instruction on hearsay was properly given sua sponte, trial counsel's failure to request such an instruction was not ineffective assistance of counsel).

(c) Neither is there merit in Matiatos' claim that he received ineffective assistance of counsel because his trial counsel failed to consult with and present the testimony of an expert in computer forensics technology. Matiatos argues that such a witness might have bolstered Aust's testimony insofar as he indicated that the photographic images on Matiatos' computer could have been received

without Matiatos' knowledge.

> The failure of trial counsel to employ evidence[, however,] cannot be deemed to be "prejudicial" in the absence of a showing that such evidence would have been relevant and favorable to the defendant. Because [Matiatos] failed to make any proffer of the uncalled witnesses' testimony, it is impossible for him to show there is a reasonable probability the results of the proceedings would have been different.

(Citation and punctuation omitted.) *Ross v. State*, 231 Ga. App. 793, 796 (1) (499 SE2d 642) (1998). Inasmuch as he cannot demonstrate prejudice arising out of counsel's failure to consult with and call an expert witness, Matiatos has failed to meet his burden to show ineffective assistance of counsel. See id. (trial counsel's failure to employ independent DNA expert cannot be deemed to be prejudicial absent a showing that such evidence would have been relevant and favorable to the defendant).

*Judgment affirmed. Andrews, P. J., and Barnes, J., concur.*

DECIDED DECEMBER 11, 2009.

*Little, Crumly & Chambliss, Samuel F. Little, Jr.*, for appellant.
*N. Stanley Gunter, District Attorney, Jeremy D. Clough, Assistant District Attorney*, for appellee.