**SECOND DIVISION
BARNES, P. J.,
MILLER and RAY, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/**

**April 25, 2013**

# In the Court of Appeals of Georgia

A13A0595. WARE v. THE STATE.

MILLER, Judge.

Following a jury trial, Gregory Ware was convicted of burglary (OCGA § (OCGA § 16-7-1 (a) (2006). Ware filed a motion for new trial, which the trial court denied. On appeal, Ware contends that the trial court erred in striking a potential juror for cause and in failing to remove another juror for cause. Ware also contends that his trial counsel provided ineffective assistance. We discern no error and affirm.

Viewed in the light most favorable to the verdict, the trial evidence shows that on the afternoon of October 16, 2006, the victim's neighbor saw a black male who was wearing a blue and black coat removing the screen to the victim's apartment window. The black male then entered the victim's apartment. A short time later, another neighbor saw the same black male and two other individuals exiting the

victim's apartment with a duffle bag and other items. The second neighbor informed the apartment manager of the break-in and asked the manager to notify the victim. When the victim returned home, he noticed several items missing from his apartment and called the police.

Upon arrival, the police officer interviewed the victim and received a list of stolen items. After the officer interviewed the victim, the second neighbor informed the officer that he had just seen the black male who entered the victim's apartment at a nearby intersection. The officer and the neighbor drove to the location, and the neighbor identified the black male and one of his accomplices. The officer detained the black male–Ware–and his accomplice.

Ware's accomplice asked the officer to secure their hotel room, and the officer agreed to do so. When the officer arrived at the hotel room, the door was wide open, and he saw the items that the victim described had been stolen from his apartment. The officer secured the stolen items, placed Ware into his patrol vehicle, and returned to the scene of the offense. When Ware returned to the scene with the officer, the first neighbor identified Ware as fitting the description of the individual she saw climbing through the victim's apartment window.

1. Ware contends that the trial court erred in granting the State's motion to strike a potential juror for cause. We disagree.

> Whether to strike a juror for cause is within the sound discretion of the trial court. And inasmuch as the trial court's conclusion on bias is based on findings of demeanor and credibility, which are peculiarly within the trial court's province, those findings are to be given deference.

(Citations and punctuation omitted.) *Wolfe v. State*, 273 Ga. 670, 672 (2) (544 SE2d 148) (2001).

During voir dire, the potential juror stated that he had problems with the court system, it would be "tough" to be impartial, and he might end up helping Ware. The potential juror had been arrested several times, served time in jail, and believed that he had been jailed without reason. The trial court excused the juror based on the juror's mannerisms and demeanor. Ware argues that the trial court erred in doing so because the trial court did not excuse the juror based upon his bias, and there was no indication that the juror's bias was so fixed and definite that it could not be set aside in this case. Even if the trial court erred, however, Ware had "no vested interest in having any particular juror to serve; he [was] entitled only to a legal and impartial jury. The erroneous allowing of a challenge for cause affords no ground of complaint if a competent and unbiased jury is finally selected." (Punctuation and footnote

omitted.) *Felton v. State*, 270 Ga. App. 449, 451 (1) (606 SE2d 649) (2004); see also *Humphreys v. State*, 287 Ga. 63, 71 (4) (694 SE2d 316) (2010). Ware has not demonstrated that the jurors selected to decide his case were incompetent or biased. Therefore, his claim affords no basis for reversal. See *Bryant v. State*, 288 Ga. 876, 881-882 (4) (e) ( 708 SE2d 362) (2011); *Humphreys*, supra, 287 Ga. at 71 (4).

2. Ware contends the trial court abused its discretion in failing to remove a juror who, after the trial had started, informed the court that she was certain that she had seen Ware before in the area of town where he was arrested. We do not agree.

Upon questioning, the juror stated that she had never seen Ware do anything illegal, did not have any reason to suspect that he committed a crime, and believed she could be fair and impartial. The juror also stated that she had not spoken to the other jurors about recognizing Ware, and the trial court instructed her not to discuss it with the other jurors during the trial. Ware, through counsel, stated that he was satisfied with the juror's response and did not request that this juror be struck for cause. As a result, Ware has waived any challenge to the juror remaining on the jury and we cannot consider it on appeal. See *Phillips v. State*, 275 Ga. 595, 596 (2) (571 SE2d 361) (2002); *Ashford v. State*, 271 Ga. 148, 149 (2) (518 SE2d 420) (1999). However, to the extent that Ware raises his failure to strike the juror as a ground for

4

his ineffective assistance of counsel claim, we address the merits of this claim in Division 3 below.

3. Ware contends that trial counsel was ineffective for failing to strike the juror who recognized Ware. We disagree.

> Trial counsel's decisions about which jurors to strike and which to keep are tactical. And counsel's decisions on matters of tactic and strategy, even if unwise, do not amount to ineffective assistance of counsel. Indeed, tactical decisions by counsel will not form the basis for an ineffective assistance claim unless the decisions are so patently unreasonable that no competent attorney would have chosen them.

(Punctuation and footnotes omitted.) *Vega v. State*, 285 Ga. App. 405, 407 (2) (a) (646 SE2d 501) (2007).

Here, the juror stated that although she recognized Ware, her decision would be based on the evidence at trial, and that she would be fair and impartial. The juror did not display a definite and fixed opinion regarding the guilt or innocence of defendant, nor did she indicate an inability or unwillingness to listen to the evidence, apply the law, or deliberate with fellow jurors to reach a verdict. Although trial counsel testified at the motion for new trial hearing that he wished he would have asked to replace the juror, the reasonableness of counsel's conduct is viewed as of the time of trial and under the circumstances of the case. *Phillips v. State*, 277 Ga. 161,

162 (a) (587 SE2d 45) (2003). Considered from the circumstances known at the time, trial counsel was authorized to conclude that the juror was not disqualified on account of bias. Ware has not shown that an effort to strike the juror would have been successful; therefore, trial counsel was not deficient for failing to move to strike the juror. See *Phillips*, supra, 277 Ga. at 162 (a); *Matiatos v. State*, 301 Ga. App. 573, 575-576 (2) (a) (688 SE2d 385) (2009).

*Judgment affirmed. Barnes, P. J., and Ray, J., concur.*