NAHMIAS, Justice,
concurring specially.
I concur fully in the majority opinion except for Division 6, which concludes that “we cannot say the trial court manifestly abused its discretion when it did not excuse this prospective juror for cause sua sponte.” I agree that the trial court did not abuse its discretion in not excusing Juror 9 for cause. That would be true even if appellant had moved to excuse that juror for cause. But the record does not show that appellant asked the trial court to excuse the juror, or that the court ruled on the issue during the trial. In the absence of a contemporaneous objection and ruling at trial, this issue was not properly preserved for appeal. Accordingly, even if we proceed to address the issue on the merits as an alternative holding, it should first be deemed waived — as this Court and the Court of Appeals have done in similar situations many times before. See, e.g., Passmore v. State, 274 Ga. 200,201 (552 SE2d 816) (2001); Ashford v. State, 271 Ga. 148, 148 (518 SE2d 420) (1999); Sewell v. State, 302 Ga.App. 151, 154 (690 SE2d 634) (2010).
But instead of holding that the issue was waived for appeal, in a number of other cases this Court has resolved similar claims with a formulation like the one used in the majority opinion today, saying that the trial court did not err or abuse its discretion in failing to excuse a juror for cause “sua sponte.” Despite these repeated suggestions that trial courts have an obligation to excuse jurors for cause without any request from a party, as best I can tell, the Court has *701 never explained the source of that duty, nor have we ever held that a trial court violated that duty. Indeed, in concluding that the trial court did not err, the Court typically has not even indicated what the alleged basis was for excusing the juror in question, much less analyzed the merits of the issue. See, e.g., Cade v. State, 289 Ga. 805, 807 (716 SE2d 196) (2011); Lewis v. State, 279 Ga. 756, 783-784 (620 SE2d 778) (2005); Lawler v. State, 276 Ga. 229, 235 (576 SE2d 841) (2003).
It appears that this “sua sponte” concept crept into our general criminal case law from its original use in death penalty cases, see Childs v. State, 257 Ga. 243, 249 (357 SE2d 48) (1987), where this Court may review issues not properly objected to at trial pursuant to our statutory duty to determine whether a death sentence has been imposed as the result of passion, prejudice, or any other arbitrary factor, see OCGA § 17-10-35 (c) (1); Hicks v. State, 256 Ga. 715, 730 (352 SE2d 762) (1987). It is also worth noting that in Poole v. State, 291 Ga. 848 (734 SE2d 1) (2012), a case cited in the majority opinion, we recently clarified that the trial court has no duty “to conduct sua sponte an examination of the challenged juror” or “to provide evidence on which to base its decision to retain or remove the juror,” overruling a Court of Appeals’ decision that had held otherwise. See id. at 852-854.
Before simply repeating the formulation used by the majority in deciding Division 6, we should justify its assertion that a trial court has a duty to excuse jurors for cause sua sponte in non-death penalty criminal cases — a duty that, if it exists, must be possible to violate, even though we have not once found that to have occurred. If there is no solid justification for imposing that obligation, we should stop using the “sua sponte” language and instead apply the ordinary rule that an issue must be raised and ruled on at trial to preserve it for appellate review — the rule the majority opinion applies in Division 3. And if we decide, notwithstanding such waiver, to address the merits of the issue, we should do so as if the issue was properly presented, applying the usual abuse of discretion standard of review.
For these reasons, I would conclude that appellant waived review of his challenge to Juror 9, and in any event the trial court did not abuse its discretion in not excusing that juror for cause. I therefore agree with the result of Division 6 of the majority opinion, but I do not agree with all of its reasoning.
I am authorized to state that Justice Blackwell joins this special concurrence.
*702 Decided March 3, 2014.
Dell Jackson, for appellant.
Robert D. James, Jr., District Attorney, Leonora Grant, Elizabeth A. Baker, Assistant District Attorneys, Samuel S. Olens, Attorney General, PatriciaB. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Rochelle W. Gordon, Assistant Attorney General, for appellee.